UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERIE M. LEWIS,<br><br>    Plaintiff,<br><br>    v.<br><br>LYNETTE CALVIN, et al.,<br><br>    Defendants. | Case No. 21-cv-02003-TSH<br><br>**ORDER RE: MOTION TO DISMISS**<br><br>Re: Dkt. No. 19 |

## I.   INTRODUCTION

Plaintiff Cherie Lewis brings this employment discrimination case against Defendants Oakland Unified School District and Lynette Calvin, alleging she suffered race, age, and disability discrimination, retaliation, and harassment. Pending before the Court is Defendants' Motion to Dismiss Lewis's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 19. Lewis did not file an opposition, despite being granted an additional two weeks in which to do so.[1] The Court finds this matter suitable for disposition without oral argument and **VACATES** the September 9, 2021 hearing. *See* Civ. L.R. 7-1(b). Having considered the parties' positions, relevant legal authority, and the record in this case, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion for the following reasons.

## II.   BACKGROUND

Lewis began working as a substitute for Oakland Unified School District in March 2016. First Am. Compl. at 3, ECF No. 17. Calvin hired and supervised her. *Id.* Prior to February 7,

---

[1] On July 22 Lewis requested an additional two weeks to respond to Defendants' motion. ECF No. 20. The Court granted her motion and extended the deadline from July 26 to August 9. ECF No. 21. As of today, no response has been received.

2019, Lewis had never been disciplined for poor performance. *Id.* at 17. On that day she was assigned as a substitute at an elementary school in the District. *Id.* at 5. As was usual during substitute assignments, Lewis was instructed to follow the same schedule as the individual she was subbing for, including lunch and breaks. *Id.* Accordingly, she took her lunch break in the same location as the individual she was covering—namely, in the front office of the school. *Id.* at 5, 18.

Because Lewis had totaled her car the previous day, she had scheduled a call to speak with an insurance adjuster during this time. *Id.* at 6, 18. She became "frustrated" during the call with the insurance adjuster and used the word "damn." *Id.* at 18. Calvin received "a negative complaint" from school staff regarding Lewis's conduct. *Id.* at 4.

On the evening of February 7 Calvin called Lewis about the complaint. *Id.* at 4-5. During this call, Calvin, "yell[ed] and hurl[ed] unfounded accusations" at Lewis. *Id.* at 4. Lewis "never heard [Calvin] speak to anyone of our race like she did with me." *Id.* at 9. Calvin did not allow Lewis to explain her side of the story; instead, she "took the Hispanic people['s] side from the Hispanic school." *Id.* at 4-5, 20. Following receipt of the school's complaint and call with Lewis, Calvin cancelled her substitute jobs for the remainder of February 2019. *Id.* at 4, 20.

Lewis filed the present case on March 17, 2021, bringing claims for race, age, and disability discrimination, retaliation, and harassment. *Id.* After Defendants moved to dismiss, she filed the operative First Amended Complaint on June 24, 2021, bringing claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5; the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 629-34; Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12111-17; and the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code §§ 12900-96.

Defendants filed the present motion to dismiss on July 12, 2021, arguing (1) they are immune from suit under the Age Discrimination in Employment Act and Americans with Disabilities Act, and (2) Lewis fails to allege key elements of each of her claims.

### III. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim. A claim may be dismissed only if it appears beyond doubt that the plaintiff

2

can prove no set of facts in support of his claim which would entitle him to relief." *Cook v. Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011) (citation and quotation marks omitted). Rule 8 provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility does not mean probability, but it requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 687 (2009). A complaint must therefore provide a defendant with "fair notice" of the claims against it and the grounds for relief. *Twombly*, 550 U.S. at 555 (quotations and citation omitted).

In considering a motion to dismiss, the court accepts factual allegations in the complaint as true and construes the pleadings in the light most favorable to the nonmoving party. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).; *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678.

If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (citations and quotations omitted). However, a court "may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . ., [and] futility of amendment.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892–93 (9th Cir. 2010) (alterations in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## IV. DISCUSSION

### A. ADA and ADEA Immunity

Defendants argue Lewis's claims under the ADEA and ADA must fail because Congress did not abrogate their Eleventh Amendment immunity under either statute, and she thus cannot

bring either claim in federal court. Mot. at 2-3.

The Eleventh Amendment provides sovereign immunity for states and bars lawsuits in federal court against states or their agencies unless the state has specifically waived its sovereign immunity. *Brooks v. Sulphur Springs Valley Elec. Coop.*, 951 F.2d 1050, 1053 (9th Cir. 1991). Congress can abrogate or limit a state's Eleventh Amendment immunity under section 5 of the Fourteenth Amendment, but such abrogation requires an "unequivocal expression" of Congressional intent and is a limited power. *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 91 (2000). School districts in California are state agencies for purposes of the Eleventh Amendment. *Belanger v. Madera Unified Sch. Dist.*, 963 F.2d 248, 250–54 (9th Cir. 1992); *Cole v. Oroville Union High School Dist.*, 228 F.3d 1092, 1100 (9th Cir. 2000) ("California school districts are state agencies and thus immune from damage suits under the Eleventh Amendment."). Thus, "California school districts, their governing boards, and school district employees sued in their official capacity are immune from suit in federal court under the Eleventh Amendment." *Shorter v. Los Angeles Unified Sch. Dist.*, 2013 WL 6331204, at *4 (C.D. Cal. Dec. 4, 2013) (citing *Corales v. Bennett*, 567 F.3d 554, 573 (9th Cir. 2009); *Cole*, 228 F.3d at 1100 n. 4 (9th Cir. 2000); *Belanger v. Madera Unified Sch. Dist.*, 963 F.2d 248, 254 (9th Cir. 1992); *Ulmschneider v. Los Banos Unified Sch. Dist.*, 2012 WL 4764369, at *11 (E.D. Cal. Oct. 5, 2012); *Davis v. Folsom Cordova Unified Sch. Dist.*, 2012 WL 592055, at *5 (E.D. Cal. Feb. 22, 2012).

State immunity under the Eleventh Amendment is not absolute, however, as there are three exceptions to the rule: (1) Congress may abrogate that immunity pursuant to its lawmaking powers conferred by the United States Constitution, *Kimel*, 528 U.S. at 80, 120; (2) the state may waive its Eleventh Amendment immunity by consenting to suit, *College Sav. Bank Florida v. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999); and (3) under the *Ex parte Young* doctrine, immunity does not apply when the plaintiff chooses to sue a state official in his or her official capacity for prospective injunctive relief, *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 73 (1996).

As to the first exception, it is well settled that Title I of the ADA and the ADEA do not validly abrogate states' Eleventh Amendment immunity. *Bd. of Trs. of Univ. of Ala. v. Garrett*,

4

531 U.S. 356, 360 (2001) (holding that Title I of the ADA does not validly abrogate states' Eleventh Amendment immunity); *Kimel*, 528 U.S. at 91 (holding that the ADEA does not validly abrogate states' Eleventh Amendment immunity). Consistent with this understanding, courts routinely dismiss as barred by the Eleventh Amendment claims against states under Title I of the ADA and the ADEA. *See Glenn v. Cal. Dep't of Educ.*, 709 F. App'x 499, 500 (9th Cir. 2018) ("The district court properly dismissed Glenn's [ADA and ADEA claims] against the California Department of Education and the California State Teachers' Retirement System because Glenn's claims are barred by the Eleventh Amendment."); *Bounchanh v. Washington State Health Care Auth.*, 2020 WL 8922184, at *1 (9th Cir. Aug. 7, 2020), *cert. denied*, 2021 WL 1072414 (U.S. Mar. 22, 2021), *reh'g denied sub nom. Bounchanh v. WA Health Care Auth.*, 2021 WL 1952168 (U.S. May 17, 2021) (same).

The second exception also does not apply because Defendants have not waived their Eleventh Amendment defense.

As to the third exception, the Eleventh Amendment does not bar actions for prospective declaratory or injunctive relief against state officers in their official capacities for their alleged violations of federal law. *See Ex parte Young*, 209 U.S. 123, 155-56 (1908). The exception to Eleventh Amendment immunity recognized in *Ex parte Young* "is based in part on the premise that sovereign immunity bars relief against States and their officers in both state and federal courts, and that certain suits for declaratory or injunctive relief against state officers must therefore be permitted if the Constitution is to remain the supreme law of the land." *Alden v. Maine*, 527 U.S. 706, 747 (1999); *Bair v. Krug*, 853 F.2d 672, 675 (9th Cir. 1988) ("[T]he eleventh amendment bars actions against state officers sued in their official capacities for past alleged misconduct involving a complainant's federally protected rights, where the nature of the relief sought is retroactive, i.e., money damages, rather than prospective, e.g., an injunction"). This exception could apply, but it is not clear if Lewis intends to sue Calvin in her official capacity as a state official, and it is also not clear from Lewis's allegations if she seeks prospective injunctive relief against Calvin. Her allegations all concern past actions, and she does not state what prospective injunctive relief, if any, she seeks against Calvin.

In sum, based on Eleventh Amendment immunity, Lewis is barred from bringing claims for both monetary damages and injunctive relief against the District under Title I of the ADA and the ADEA, and she is barred from pursuing claims for monetary damages against Calvin. *See Motoyama v. Hawaii, Dep't of Transp.*, 584 F. App'x 399, 400 (9th Cir. 2014) (holding that the plaintiff's claims under Title I of the ADA against a state department, and against a state officer "in his official capacity for past violations," were "barred by sovereign immunity," because "Congress did not validly abrogate states' sovereign immunity under Title I of the ADA," and because "claims against a state official . . . can only proceed if they seek to enjoin an ongoing violation, not a past violation" (citing *Garrett*, 531 U.S. at 374, and *Papasan v. Allain*, 478 U.S. 265, 277-78 (1986))); *see also Thomas v. Nakatani*, 309 F.3d 1203, 1208 (9th Cir. 2002) (noting that "the *Ex Parte Young* doctrine creates a fiction by allowing a person to enjoin future state action by suing a state official for prospective injunctive relief rather than the state itself," and explaining that "*Young* and its progeny render the [Eleventh] Amendment wholly inapplicable to a certain class of suits," namely, suits "against officials and not the States or their agencies, which retain their immunity against all suits in federal court"). However, to the extent Lewis may seek to enjoin an ongoing violation by Calvin in her official capacity as a state official, such a claim may be proper. Accordingly, the Court **GRANTS** Defendants' motion to dismiss Lewis's ADEA and ADA claims. Dismissal is **WITHOUT LEAVE TO AMEND** as to the District and **WITH LEAVE TO AMEND** as to Calvin, but only if Lewis seeks to enjoin an ongoing violation by Calvin in her official capacity.

**B.      Retaliation**

Lewis alleges Calvin retaliated against her by cancelling her substitute jobs for the remainder of February 2019. To state a plausible claim for retaliation under Title VII or FEHA, a plaintiff must allege that: "(1) the employee engaged in a protected activity, (2) she suffered an adverse employment action, and (3) there was a causal link between the protected activity and the adverse employment decision." *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1093-94 (9th Cir. 2008) (Title VII); *Miller v. Dep't of Corr.*, 36 Cal. 4th 446, 472 (2005) (FEHA). Conduct constituting a "protected activity" includes filing a charge or complaint, testifying about an employer's alleged

6

1   unlawful practices, and engaging in other activity intended to oppose an employer's
2   discriminatory practices. *Hoko v. Transit Am. Servs.*, 2014 WL 3963033, at *23 (N.D. Cal. Aug.
3   13, 2014) (citing *Raad v. Fairbanks N. Star Borough Sch. Dist.*, 323 F.3d 1185, 1197 (9th Cir.
4   2003)). Lewis's complaint fails to state a claim for retaliation because she does not allege she
5   engaged in a protected activity. As such, her complaint does not meet the requirements of Rule
6   8(a)(2), and the Court therefore **GRANTS** Defendants' motion as to Lewis's retaliation claim
7   **WITH LEAVE TO AMEND**. If Lewis chooses to amend, she must allege all three elements of a
8   retaliation claim. *See Hoko*, WL 3963033, at *26 (granting motion to dismiss where plaintiff
9   failed to allege a protected act).

### C.  Wrongful Termination

In addition to her allegations regarding jobs in February 2019, Lewis also alleges Calvin "canceled all my jobs." First Am. Compl. at 4. To the extent Lewis may seek to allege wrongful termination, her complaint fails to state a claim because she does not allege she was terminated. The Court therefore **GRANTS** Defendants' motion as to this claim **WITH LEAVE TO AMEND**.

If Lewis chooses to allege a claim for wrongful termination, such a claim typically comes in one or more of three forms: "(1) under Title VII (2) under FEHA; or (3) as the common law claim—wrongful termination in violation of public policy." *Rivera v. First Student*, 2018 WL 10468016, at *4 (N.D. Cal. July 27, 2018). "All are evaluated using the same burden-shifting framework espoused in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973)." *Id.* (citing *Nelson v. United Techs.*, 74 Cal. App. 4th 597, 613 (1999), *as modified* (Sept. 22, 1999) (wrongful termination in violation of public policy); *Loggins v. Kaiser Permanente Intern.*, 151 Cal. App. 4th 1102, 1108-09 (2007) (FEHA and wrongful termination in violation of public policy)). This burden-shifting framework has three steps: "the plaintiff must establish a prima facie case of discrimination. If the plaintiff succeeds in doing so, then the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its allegedly discriminatory conduct. If the defendant provides such a reason, the burden shifts back to the plaintiff to show that the employer's reason is a pretext for discrimination." *Vasquez v. Cty. of Los Angeles*, 349

F.3d 634, 640 (9th Cir. 2003), *as amended* (Jan. 2, 2004).

Under the first step, Lewis can establish a prima facie case under Title VII and FEHA by showing (1) she belongs to a protected class; (2) she was qualified for her position; (3) she experienced an adverse employment action; and (4) similarly situated individuals outside of the protected class were treated more favorably. *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1219–20 (9th Cir. 1998), *as amended* (Aug. 11, 1998). For wrongful termination in violation of public policy, a prima facie case requires that: (1) the employee engaged in a protected activity, (2) she suffered an adverse employment action, and (3) there was a causal link between the protected activity and the adverse employment decision.[2] *Loggins*, 151 Cal. App. 4th at 1109. To meet the requirements of Rule 8(a)(2), a plaintiff need not include facts sufficient to establish a prima facie showing but must allege "enough facts to state a claim to relief that is plausible on its face." *Hoko*, 2014 WL 3963033, at *17-18 (quoting *Twombly*, 550 U.S. at 570).

### D. Discrimination

To establish a prima facie case for unlawful employment discrimination under Title VII and FEHA, a plaintiff must show that: (1) she is a member of a protected class; (2) she was qualified for her position; (3) she experienced an adverse employment action; and (4) similarly situated individuals outside her protected class were treated more favorably. *Fonseca v. Sysco Food Servs. of Arizona, Inc.*, 374 F.3d 840, 847 (9th Cir. 2004); *Metoyer v. Chassman*, 504 F.3d 919, 941 (9th Cir. 2007) ("California courts apply the Title VII framework to claims brought under FEHA.").

Defendants do not challenge that Lewis is a member of a protected class or that she experienced an adverse employment action. Mot. at 4. As to the second element, they argue Lewis did not meet their legitimate expectations because she acknowledges that she took a personal call at her assigned school, and that during this call she became frustrated and used profanity. *Id.* They argue Lewis concedes that this conduct led the school to make a complaint to

---

[2] The requirements of a California wrongful termination in violation of public policy claim are identical to the elements of a Title VII retaliation claim. *See Loggins*, 151 Cal. App. 4th at 1109; *Davis*, 520 F.3d at 1093-94.

1   Calvin, which was the reason for Calvin's call that evening and ultimate cancellation of her
2   February 2019 assignments. *Id.* As to the fourth element, Defendants argue Lewis fails to allege
3   that similarly situated individuals outside of her protected class were treated more favorably than
4   she was, as her amended complaint contains no allegations regarding Defendants' treatment of
5   employees who are under forty, nor their treatment of non-disabled employees.

6   However, as noted above, Lewis need not include facts sufficient to establish a prima facie
7   showing at this stage in the proceedings. *Hoko*, 2014 WL 3963033, at *17-18. Given Lewis's
8   allegations that Calvin accused her of things about her job performance and that she treated other
9   employees differently, the Court finds she has plead "enough facts to state a claim to relief that is
10  plausible on its face." *Twombly*, 550 U.S. at 570. As these allegations provide Defendants with
11  fair notice of the claims against them, the Court **DENIES** Defendants' motion to dismiss Lewis's
12  discrimination claims under Title VII and FEHA.

### E.    Harassment

To state a claim for harassment under Title VII or FEHA, a plaintiff must allege (i) that he was subjected to verbal or physical conduct based on membership in a protected class; (ii) that the conduct was unwelcome; and (iii) that the conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an abusive work environment. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1122 (9th Cir. 2008); *see also Lelaind v. City & Cty. of San Francisco*, 576 F. Supp. 2d 1079, 1101 (N.D. Cal. 2008) ("Title VII hostile work environment standards are equally applicable to FEHA. . . ."). At the motion to dismiss stage, Lewis "need not support h[er] allegations with evidence, but h[er] complaint must allege sufficient facts to state the elements of a hostile work environment claim." *Johnson*, 534 F.3d at 1122.

Defendants argue Lewis's allegations regarding a single telephone call are not enough to establish severe or pervasive conditions. Mot. at 6-7. The Court agrees. In evaluating the objective hostility of a work environment, courts consider factors including the "frequency of discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Harris v. Forklift Systems*, 510 U.S. 17, 23 (1993); *Clark Cty. Sch. Dist. v.*

*Breeden*, 532 U.S. 268, 270–71 (2001). In addition, "[t]he working environment must both subjectively and objectively be perceived as abusive." *Brooks v. City of San Mateo*, 229 F.3d 917, 923 (9th Cir. 2000) (internal quotation marks and citation omitted).

Here, the sole allegation related to the harassment claim is that, during the February 7 telephone call, Calvin "yelled and hurled unfounded allegations." First Am. Compl. at 4-5. However, even when viewing the evidence in the light most favorable to Lewis, the alleged behavior she identifies is not sufficiently severe and pervasive to support a showing that the work environment was abusive. The purported comment is less offensive than other conduct which the Ninth Circuit held to be neither severe no pervasive enough to give rise to a hostile work environment. *See Vasquez*, 349 F.3d at 643-44 (finding no hostile environment discrimination where employee provided evidence that his supervisor yelled at him on a few occasions, made false complaints against him, and made two racially offensive remarks in the span of approximately one year, because such conduct was "less frequent, less severe, and less humiliating" than the conduct in cases in which the court had previously determined to create a hostile work environment); *Nagar v. Found. Health Sys., Inc.*, 57 F. App'x 304, 306 (9th Cir. 2003) ("offhand comments and isolated incidents of offensive conduct" do not "create actionable hostile work environment"); *Kortan v. Cal. Youth Auth.*, 217 F.3d 1104, 1008 n.4 (9th Cir. 2000) (rejecting a hostile work environment claim based on a supervisor referring to women as "Madonnas" and "castrating bitches").

Accordingly, the Court **GRANTS** Defendants' motion to dismiss Lewis's harassment claim. As there may be facts Lewis can plead to state a plausible claim, the Court dismissal is with **LEAVE TO AMEND**.

### V.    CONCLUSION

For the reasons stated above, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion to dismiss. If Lewis chooses to file an amended complaint consistent with the instructions above, she must do so by September 9, 2021. If Lewis does not file an amended complaint by that date, Defendants shall file an answer by September 23, 2021.

As the Court previously advised, Lewis may wish to seek assistance from the Legal Help

Center, a free service offered by the Justice & Diversity Center of the Bar Association of San Francisco. You may request an appointment by emailing fedpro@sfbar.org or calling 415-782-8982. At the Legal Help Center, you will be able to speak with an attorney who may be able to provide basic legal help but not representation. More information is available at http://cand.uscourts.gov/helpcentersf. Lewis may also wish to obtain a copy of the district court's *Handbook for Litigants Without a Lawyer*. It provides instructions on how to proceed at every stage of your case, including discovery, motions, and trial. The handbook is available in person at the Clerk's Office and online at: http://cand.uscourts.gov/prosehandbook

**IT IS SO ORDERED.**

Dated: August 13, 2021

THOMAS S. HIXSON
United States Magistrate Judge